UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICARDO SANCHEZ-LOPEZ | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 2:08-CV-141 |
| | ) | NO. 2:07-CR-20 |
| UNITED STATES OF AMERICA | ) | Judge Greer |

**MEMORANDUM OPINION**

Ricardo Sanchez-Lopez ("petitioner" or "Sanchez-Lopez"), a federal prisoner, has filed a motion pursuant to Title 28 United States Code section 2255, [Doc. 22 in case number 2:07-CR-20]. *See* 28 U.S.C. § 2255 (2008). This Court has reviewed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts and has determined that the petition and record of prior proceedings in the case conclusively establish that the petitioner is not entitled to relief under section 2255 and, therefore, no evidentiary hearing is necessary and no answer or other response from the United States is required. For the reasons which follow, the petitioner's section 2255 motion lacks merit, and the petition will be **DENIED**.

**I.    Procedural and Factual Background**

Sanchez-Lopez was indicted by the federal grand jury on March 6, 2007,

in a one count indictment which charged him with knowingly and unlawfully entering the United States, after having been previously deported, without the express consent of the Attorney General or the Secretary of Homeland Security in violation of Title 8 United States Code section 1326(a)(1) and (2), [Doc. 1]. On May 15, 2007, Sanchez-Lopez pled guilty to that offense, and this Court sentenced him on August 20, 2007, to a term of imprisonment of 80 months, to be followed by a term of three years of supervised release, if the defendant was not deported. Judgment was entered on August 30, 2007, [Doc. 20]. The petitioner did not appeal his conviction or sentence, and his sentence was considered final on September 14, 2007. The petitioner timely filed this petition pursuant to Title 28 United States Code section 2255 on May 19, 2008.

At the Change of Plea Hearing, the following exchange took place between this Court, Assistant United States Attorney Harr, Defense Counsel Moore, the defendant, and his interpreter:

> MS. HARR: On February 16, 2007 Special Agent Andy Perkins was called to the Hawkins County Jail. The person identified as Ricardo Sanchez-Lopez was completing a sentence for an attempted reckless aggravated assault offense. Special Agent Perkins submitted the fingerprints of Ricardo Sanchez-Lopez and determined that this person had the following convictions under the listed alias: 1988 vehicle theft in Florida in the name of Enrique (INDISCERNIBLE). March of '94, wanton endangerment and possession of forged instrument in Kentucky . . . under

2

the name Miquel Castello. July '94, violation of probation in Kentucky, same name. October '03, disorderly conduct misdemeanor in Kingsport in the name of Ricardo Lopez. March '04, domestic assault misdemeanor in Kingsport, Ricardo Lopez. February, 2006 DUI, Third in Kingsport, Ricardo Lopez, and February 21st, '07, attempted reckless aggravated assault in Rogersville.

      The Defendant was arrested on March 7th, 1994 and upon his release from the Kentucky convictions and was deported to Mexico at Larado on April 20, 1994. On May 1, 1997 he was taken into INS custody within the United States upon a release from violation of probation conviction, and again, deported to, to Mexico, this time at (INDISCERNIBLE), on May 27, 1997. A records check indicated that there has been no application to re-enter the United States by the Defendant.

MR. MOORE: Your Honor, in our previous conversations with Mr. Sanchez-Lopez, some of those convictions, I think, that Ms. Harr referred to were not his. But, but for the purposes of this case, we do agree that the State, the Kentucky State conviction that Ms. Harr referred to and for which he was deported one of the times was his. And the Probation Department obviously will make their own determination, I guess, of the exact nature of his previous criminal history, but I, I just want to put that on, on the record, Your Honor. Thank you.

THE COURT: Well, Counsel, I don't have the Indictment in front of me, but he's not indicted for an offense that requires proof of a prior conviction.

MS. HARR: We have filed a Notice of Intent.

THE COURT: Right, but the Indictment itself does not allege a prior aggravating felony.

MS. HARR: Not being an immigration case, it is not.

3

THE COURT: All right, Mr. Sanchez, you have heard Ms. Harr give the Court a summary of the proof the Government would offer in this case, and you have heard your attorney's addition to that. Except for the prior convictions stated by Ms. Harr, do you agree with the United States' summary of what you did in this case?

MR. SANCHEZ-LOPEZ: (ANSWER IN OWN LANGUAGE)

INTERPRETER: Yes, except for the ones that are not mine.

THE COURT: All right. The prior convictions?

INTERPRETER: All right. What - do you understand . . .?

THE COURT: You agree with everything except that you disagree that some of these convictions are yours? Is that a correct statement of what you said?

MR. SANCHEZ-LOPEZ: (ANSWER IN OWN LANGUAGE)

INTERPRETER: Not all of them are mine.

THE COURT: All right. Do you agree though that you are not a citizen of this country?

MR. SANCHEZ-LOPEZ: Yes.

INTERPRETER: Yes.

THE COURT: And do you agree that you were previously deported from this country both in 1994 and in 1997?

MR. SANCHEZ-LOPEZ: Yes.

4

INTERPRETER: Yes.

THE COURT: And do you agree that after your deportation in 1997 you knowingly returned to this country without obtaining the permission of the Attorney General or the Secretary of Homeland Security?

MR. SANCHEZ-LOPEZ: Yes.

INTERPRETER: Yes.

THE COURT: And do you agree that you've never made any application with the United States Government to re-enter this country after your deportation in 1997?

MR. SANCHEZ-LOPEZ: Yes.

INTERPRETER: Yes.

THE COURT: All right. And at least with respect to the Kentucky conviction, which was the theft of an automobile?

MR. MOORE: I think it's for an assault in Carrollton, Carrollton, Kentucky on, it's a conviction date of February 2nd, 1995.

MS. HARR: Wanton endangerment, possession of forged instruments.

THE COURT: All right, Mr. Sanchez, I take it then that you agree that in 1995 in the State of Kentucky you were convicted of the offenses of wanton endangerment and possession of a forged instrument?

INTERPRETER: Ah, yes.

THE COURT: And I take it you also agree that you were

5

convicted of the offense of aggravated assault in Hawkins County, Tennessee, that being the offense you were incarcerated for at the time of your arrest in this case?

MR. SANCHEZ-LOPEZ: Yes.

INTERPRETER: Yes.

THE COURT: Now I understand that the Government has filed a Notice of Enhancement based on prior convictions, seeking to increase your sentence based upon those prior convictions. If you have objection to that enhancement, I will provide you with a Hearing at a later date after a Pre-Sentence Report is prepared so that you may challenge any of the convictions that are not actually yours. Do you understand that?

MR. MOORE: Answer out loud.

MR. SANCHEZ-LOPEZ: Yes.

INTERPRETER: Yes.

THE COURT: All right. Counsel, it appears to me that Mr. Sanchez has clearly admitted all of the necessary elements of this offense. I'm prepared to accept his, his plea. All right, Mr. Sanchez-Lopez, then how do you plead as to the charge in this one count Indictment of being an alien previously deported and found in the United States without having obtained the express consent of the Attorney General of the United States and the Secretary of the Department of Homeland Security for admission to the United States in violation of Title 8, United States Code Section 1326(a)(1) and (2)? Do you plead guilty or not guilty to that offense?

MR. SANCHEZ-LOPEZ: Guilty.

6

INTERPRETER: Guilty.

## II. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a section 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

7

To warrant relief under Title 28 United States Code section 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (§ 2254 case) (citation omitted); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996).

Furthermore, to prevail on an ineffective assistance of counsel claim, the petitioner must meet the well-known standard that: (1) his "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). The Sixth Circuit has held that "[t]he objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of

8

Case 2:07-cr-00020-JRG   Document 28   Filed 09/17/08   Page 8 of 14   PageID #: 54

reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). The Supreme Court defined a "reasonable probability" in *Strickland v. Washington* as "a probability sufficient to undermine confidence in the outcome." 466 U.S. 668, 694 (1984). The *Strickland* Court further stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

### III. Analysis and Discussion

The defendant claims that his counsel was ineffective because he "failed to challenge his enhanced sentence under *Apprendi*. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). He states that the Fifth Circuit Court of Appeals held in *United States v. Rojas-Luna*, 522 F.3d 502 (5th Cir. 2008), in analyzing for plain error, that a defendant's prior removal was a fact that had to be proven to a jury before it could be used to increase a defendant's sentence for illegal reentry after previously being deported. *See Id.* at 507; *see also*, *United States v. Garcia-Herrera*, 2008 WL 2725250 (5th Cir. July 14, 2008); *United States v. Ramirez-Cuadra*, 2008 WL 2489901 (5th Cir. June 23, 2008). The Fifth Circuit stated that Title 8 United States Code section 1326(a) provides a maximum two-year penalty for illegal reentry; however, the maximum penalty under 1326(b)(2) is 20 years for an alien whose prior removal

9

"was *subsequent to* a conviction for commission of an aggravated felony." *Id*. at 504 (quoting 8 U.S.C. § 1326 (2008)). The court further found that Rojas-Luna's conviction for the aggravated felony was in 2003 and his removal was in 1988; therefore, the removal was not subsequent to the conviction, although the Presentence Report ("PSR") stated that he was removed again in 2006. The court held that because this fact must be found by a jury and was not, it could not form the basis of the 1326(b)(2) enhancement. *Id*.; *see United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-99 (9th Cir. 2006) (finding plain error by the district court for enhancing pursuant to section 1326(b)(2) when the defendant did not admit to the subsequent removal at the change of plea hearing).

The determination that the conviction could not form the basis of the enhancement, however, did not end the plain error inquiry. The Fifth Circuit decided that Rojas-Luna had shown that the error affected his substantial rights. *Id*. at 506. In doing so, the court distinguished this case from the Ninth Circuit case *United States v. Covian-Sandoval*, which held the use of the section 1326(b)(2) enhancement did not affect Covian-Sandoval's substantial rights, because the Ninth Circuit adopted a different standard in the substantial rights analysis. *Id*. Moreover, the Fifth Circuit determined that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings because the government failed to present evidence at the

10

Change of Plea Hearing of the 2006 removal, and Rojas-Luna neither admitted to the 2006 removal nor agreed to the accuracy of the PSR regarding this removal. *Id.* at 507.

In the present case, at the Change of Plea Hearing, the petitioner admitted to his Kentucky convictions of Wanton Endangerment and Possession of a Forged Instrument in 1994, to being subsequently deported in 1994, and to being deported in 1997. The petitioner's PSR, to which he did not object, reiterated these admitted facts and stated that on March 22, 1994, the petitioner was convicted in Kentucky of Wanton Endangerment and Possession of a Forged Instrument, both felony offenses and that he was deported to Mexico at Laredo on April 20, 1994. It further stated that he was again deported upon a release from a violation of probation conviction on May 1, 1997. This case differs from *Rojas-Luna* and *Covian-Sandoval* in that the petitioner admitted to his Kentucky felony convictions, his subsequent 1994 deportation, and his subsequent 1997 deportation. As such, this Court, based on the petitioner's own admissions and his failure to object to these statements in the PSR, found that his removal was subsequent to a conviction for the commission of an aggravated felony. *See Rojas-Luna*, 522 F.3d at 507.[1]

---

[1] The Fifth Circuit explicitly acknowledged that its holding in *Rojas-Luna* would not apply in a situation such as that raised by the petitioner in this case. "To be clear, this ruling only applies when the Government seeks to use a removal under § 1326(b)(2) that is different than the removal used to obtain the convictions under § 1326(a). Had Rojas-Luna admitted to

11

The petitioner has failed to establish that his counsel's performance fell below an objective standard of reasonableness in not objecting to the PSR or raising this *Apprendi* issue. Furthermore, assuming *arguendo* that the petitioner could establish that counsel's performance fell below an objective standard of reasonableness, he cannot establish that there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. *See Campbell*, 364 F.3d at 730 (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). The petitioner has not overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Because of his own admissions, the outcome of the proceedings would not have been any different had defense counsel raised the *Apprendi* issue. These were clearly facts established in the record by the defendant's admissions, and, thus, they could form the basis of the section 1326(b)(2) enhancement. As such, this Court FINDS that counsel was not ineffective.

## IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States.

---

his 2006 removal or had it been proven to a jury beyond a reasonable doubt, the district court would have been justified in relying on the 2006 removal to enhance Rojas-Luna's sentence." *Rojas-Luna*, 522 F.3d at 506, FN2.

12

Case 2:07-cr-00020-JRG   Document 28   Filed 09/17/08   Page 12 of 14   PageID #: 58

Accordingly, his motion to vacate, set aside or correct his sentence pursuant to Title 28 United States Code section 2255, [Doc. 22], will be **DENIED** and his petition **DISMISSED**.

Under Title 28 United States Code Section 2253(c)(2), the Court must decide whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

Finally, the petitioner filed a "Motion for a Free Court Reporter's Record,

13

or in the Alternative, Request to Review the Plea Colloquy and Sentencing Transcripts," [Doc. 26]. It is **ORDERED** that the petitioner's motion is **GRANTED IN PART**, and that the Clerk is **DIRECTED** to send the petitioner a copy of the Change of Plea Hearing transcripts. However, because a transcript of the petitioner's Sentencing Hearing has not been filed with this Court, that portion of his motion is **DENIED**.

A separate order will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE