UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RICARDO SANCHEZ-LOPEZ )
)
v. ) NO. 2:07-CR-20
) NO. 2:08-CV-141
UNITED STATES OF AMERICA )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the second motion of the petitioner, Ricardo Sanchez-Lopez ("Sanchez-Lopez"), to alter, amend, or reconsider the Court's order of April 1, 2009, [Doc. 35], which denied his motion to reconsider the Court's denial of his motion pursuant to 28 U.S.C. § 2255. Sanchez-Lopez also seeks leave to amend his § 2255 motion, [Doc. 36]. For the reasons which follow, the motions will be denied.

Sanchez-Lopez was convicted in this Court on May 15, 2007, on a single count indictment which charged him with illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and 6 U.S.C. §§ 202(3) and (4) and 557. He was sentenced to a term of imprisonment of 80 months and judgment was entered on August 30, 2007. No direct appeal was filed. On May 18, 2008, Sanchez-Lopez filed his motion to vacate under 28 U.S.C. § 2255. The § 2255 motion raised a single issue. Relying on a Fifth Circuit case, *United States v. Rojas-Luna*, 552 F.3d 502 (5th Cir. 2008), a case decided

seven months after judgment was entered in his case, Sanchez-Lopez argued that his appointed counsel was ineffective for failing to challenge the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(2) as a violation of his Sixth Amendment right to a jury trial because it was based on judge found facts. Finding the issue to be without merit, the Court denied the § 2255 motion on September 17, 2008.[1]

On October 3, 2008, Sanchez-Lopez filed a motion for reconsideration, arguing in part that the Court erred by summarily denying his motion without first providing him with the transcript of his sentencing hearing, and "address[ing] the issue of whether an opportunity to amend is necessary." [Doc. 31 at 2]. He did not identify the basis for any possible amendment to his motion to vacate. The motion to reconsider was denied on April 1, 2009. [Doc. 34]. Then, on April 20, 2009, Sanchez-Lopez filed the pending motions. In his second motion to reconsider, Sanchez-Lopez argues that the Court "has failed to consider movant's request to amend his § 2255 with the benifit [sic] of having the plea hearing transcripts." [Doc. 35 at 1]. In Sanchez-Lopez's motion for leave to supplement and the attached "supplement," he raises for the first time a claim of ineffective assistance of counsel which, he argues, "will relate back to his initial § 2255 motion." [Doc. 36 at 1]. More specifically, Sanchez-Lopez asserts:

> Movant was not deported after an aggravated felony in which

---

[1] This Court found, even applying *Rojas-Luna*, that defendant admitted all the facts necessary for the enhancement to apply. It is, however, doubtful that *Rojas-Luna* is good law in the Sixth Circuit. *See, e.g. United States v. Copado-Jaramillo*, 110 Fed. Appx. 518, 2004 WL 2030026 (6th Cir. 2004); *United States v. Carballo-Arguelles*, 267 Fed. Appx. 416, 2008 WL 538566 (6th Cir. 2008).

2

> he served 12 months or more incarcerated. The deportation, if
> any, were subsequent to a probationary sentence or a period of
> incarceration of less that [sic] 90 days.

[Doc. 36-1 at 1]. Because of counsel's failure "to object to this error," Sanchez-Lopez contends that he received ineffective assistance of counsel.

Petitioner's motion to amend was filed more than seven months after this Court's dismissal of his § 2255 motion, and well after the AEDPA one-year limitations period had expired. Even if the Court were inclined to vacate the prior dismissal and allow Sanchez-Lopez to amend which it is not, such would be completely futile. First of all, it is very doubtful that Sanchez-Lopez's proposed amendment would relate back to the time of his original filing. In 2005, the Supreme Court significantly restricted application of Federal Rule of Civil Procedure 15(c)(2) in the § 2255 context when it held that a claim in an amended petition does not relate back to the original date of filing when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). The relation back doctrine will apply only to newly added claims which "ar[i]se out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," *Id*. at 656, and have a common "core of operative facts uniting the original and newly asserted claims." *Id.* at 659.

Secondly, the proposed amendment lacks even arguable merit. Petitioner's argument that he was not deported after an aggravated felony because he did not serve 12

3

months or more incarceration completely misconstrues the statutory definition of "aggravated felony". A "felony" means a federal, state or local offense *punishable* by a term of imprisonment exceeding one year. The PSR establishes that petitioner's conviction for first degree wanton endangerment[2] resulted in a 3 ½ year term of imprisonment suspended to five years probation. Furthermore, petitioner's probation was revoked on July 8, 1994, and he was ordered to serve the entire 42 month sentence previously imposed. That Sanchez-Lopez may have actually served less than one year is thus completely irrelevant, and his 1997 deportation was clearly subsequent to an aggravated felony.

It is hereby **ORDERED** that the defendant's second motion to alter, amend, or reconsider the Court's order denying his first motion to reconsider the Court's Memorandum Opinion dated September 17, 2008, which denied the petitioner's Section 2255 motion, is **DENIED** based upon the reasons set out in the Court's Memorandum Opinion which are incorporated by reference herein. [Doc. 35]. It is also hereby **ORDERED** that the defendant's motion for leave to supplement his §2255 motion is **DENIED**. [Doc. 36].

So ordered.

---

[2] The PSR establises that the petitioner had stabbed the victim, resulting in serious injury. Sanchez-Lopez does not argue, and, indeed, could not reasonably argue that his conviction was not an aggravated felony or crime of violence by definition. He only argues erroneously that the conviction was not for a felony offense because he did not serve a term of imprisonment of more than one year.

4

ENTER:

                                                                 s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE